CR: 04-58 J. Lisi

# United States Court of Appeals
## For the First Circuit

**MANDATE**

No. 04-2410

UNITED STATES,

Appellee,

v.

ALVIS GEOVANNY JACOBO,

Defendant, Appellant.

Before

Selya, Lynch and Lipez,
Circuit Judges.

JUDGMENT

Entered: August 9, 2005

Appellant, Alvis Geovanny Jacobo, appeals from his sentence, which the United States District Court for the District of Rhode Island imposed after he pled guilty to violating 8 U.S.C. §§ 1326(a) & (b)(2) for reentry after deportation. He argues that a remand for resentencing is warranted pursuant to United States v. Booker, 125 S. Ct. 738 (2005) because the district court imposed his sentence under the mandatory guidelines regime. He further argues that the government's failure to prove his prior convictions to a jury beyond a reasonable doubt warrants a remand because United States v. Almendarez-Torres, 523 U.S. 224, 226-27 (1998) is no longer good law.

Considering his Booker claim, we review for plain error because, even though appellant's trial counsel took part in a bench conference at which Blakely was discussed, counsel neither argued Apprendi or Blakely error nor that the Guidelines were unconstitutional. See United States v. Martins, No. 04-1474, 2005 U.S. App. LEXIS 12704, at *30-*32 (1st Cir. June, 27, 2005) (Booker error unpreserved when defendant failed to raise Apprendi and district court mused, sua sponte, that there were no Apprendi issues involved in the sentencing). Under this standard, we conclude appellant has failed to show circumstances creating a

reasonable probability that the district court would impose a different sentence more favorable to him under the advisory guidelines regime. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). While appellant suffered a mandatory, steep upward adjustment to his offense level for having committed a drug trafficking offense for which his sentence exceeded 13 months, see U.S.S.G. § 2L1.2(b)(1)(A) (2004), and has noted mitigating circumstances that could be more fully considered under an advisory guidelines regime, it is clear from the record that other circumstances render a lesser sentence on remand less than probable. Indeed, the sentencing judge sentenced him to the middle of the applicable guidelines range, commenting that such a sentence was appropriate because, among other things, she did not "see anything in this pre-sentence report that indicates to [her] that [appellant] has any interest in leading a law-abiding lifestyle" and that appellant has "effectively thumbed his nose at every circuit that he's been through." She further noted that, if it were not for the fact that appellant had not yet been sentenced for another crime and that a longer sentence would increase the costs of his imprisonment to the taxpayers in this country, she would have imposed a higher sentence.

Considering his Almendarez-Torres claim, we recently rejected the argument that the government is required to prove prior convictions beyond a reasonable doubt to a jury. See United States v. Work, 409 F.3d 484, 491 n.1 (1st Cir. 2005).

Accordingly, we affirm the sentence. See 1st Cir. R. 27(c).

Certified and Issued as Mandate under Fed. R. App. R 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: OCT 11 2005

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________

Chief Deputy Clerk.

[cc: Ms. Aidlin, Messrs: Lockhart and Dambruch]